# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY<br>910 17th Street, N.W., 7th Floor<br>Washington, DC 20006-2606,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Ave., N.W.<br>Washington, DC 20230,<br><br>    Defendant. | Civil Action No. 18-1077<br>ECF |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Center for Public Integrity ("the Center"), brings this action for declaratory and injunctive relief, alleging as follows:

### Nature of Action

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

### Parties

4. Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by

revealing abuses of power, corruption and betrayal of public trust by powerful public and private institutions, using the tools of investigative journalism." "About The Center for Public Integrity," http://www.publicintegrity.org/about. Plaintiff is the requester of the withheld records.

5. Defendant U.S. Department of Commerce ("Commerce") is an agency of the United States. Defendant Commerce has possession of and control over records that Plaintiff seeks.

## Plaintiff's Freedom of Information Request

6. On March 22, 2018, Plaintiff requested from Commerce:

- Any records involving communications - including emails, email attachments, text messages, telephone call logs or records of telephone messages, calendar invitations or entries, meeting notices, meeting agendas, informational material, talking points, or other materials involving communications - to, from, with or between Commerce Secretary Wilbur Ross, Wendy Teramoto, David Maggi, and any of their representatives mentioning Diamond S Shipping, Navigator Holdings, or transoceanic shipping. The request includes both in-agency and external communications. The date range of the records is January 1, 2017 through the date the search for responsive records is conducted.
- Any records, documents, emails, questionnaires, memoranda, schedule entries or other correspondence or communications related to Wilbur Ross's September 2017 or November 2017 trips to China, including records of meetings, summaries of discussions, or any other record, including electronic records and information. The request includes in-agency, interagency and external communications. The date range of the records is January 1, 2017 through the date the search for responsive records is conducted.
- Any records, documents, emails, memoranda, schedule entries or other communications related to a trust created by Wilbur Ross. I am referring to the trust referenced by Secretary Ross in his November 16, 2017 letter (available here: https://oge.gov/web/oge.nsf/Congressional%20Correspondence/DFB4180B6057C445852581DE0073D59C/$FILE/Follow-up%20letter%20to%20Senators%20Blumenthal,%20Cantwell,%20Udall,%20Baldwin,%20Hassan,%20and%20Duckworth.pdf?open) to OGE Acting Director David J. Apol, in which Secretary Ross says that "at the time of my conversation with the reporter I was in the process of creating a trust as a mechanism to divest my assets in order to comply with my ethics agreement." The date range of the records is January 1, 2017 through the date the search for responsive records is conducted.

2

Commerce assigned tracking number DOC-IOS-2018-000992 to this request.

7. Defendant has not produced records responsive to Plaintiff's request nor made a determination on Plaintiff's request.

8. More than twenty working days have passed since Defendant received Plaintiff's request. Plaintiff has therefore exhausted all applicable administrative remedies.

9. Plaintiff has a statutory right to the requested information, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

## **Demand for Relief**

WHEREFORE, Plaintiff requests that this Court:

1. Declare that Defendants' failure to disclose the records requested by Plaintiff is unlawful;

2. Order Defendants to make the requested records available to Plaintiff;

3. Award Plaintiff its costs and reasonable attorneys' fees in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/S/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff